IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

NICOLE WRAY
and ZACHARY STERDIVANT                                           PLAINTIFFS

VS.                                                  NO. 3:18-cv-622-DPJ-FKB

GEICO INDEMNITY COMPANY
and JOHN DOES I-III                                              DEFENDANTS

## ORDER

This case is before the Court on the Second Motion [28] to Compel filed by Defendant Geico Indemnity Company ("Geico"), a Motion [29] to Compel filed by Plaintiffs Nicole Wray and Zachary Sterdivant, and a Motion [31] to Amend/Modify Case Management Order filed by Wray and Sterdivant. Having considered the relevant filings, the Court finds that all motions [28], [29], [31] should be granted in part and denied in part.

### I.   BACKGROUND

This case arises from a hit-and-run accident that occurred in September 2015, for which Plaintiffs Nicole Wray and Zachary Sterdivant sought recovery for their injuries under the uninsured motorist ("UM") provisions of Wray's Geico automobile insurance policy. Plaintiffs have sued Geico to recover UM benefits. Further, as to Wray, the Complaint [1] alleges that Geico breached its contractual obligations by offering a settlement for her injuries that was less than the amount of her medical bills. Wray further alleges that Geico wrongfully based the amount of its offer on the fact that she had a prior claim with Geico, without ascertaining whether Wray actually suffered any injuries in the prior accident. Wray claims that she did not suffer injuries in the prior accident. For its alleged failure to properly investigate her UM claim, Wray claims Geico breached

1

its duties of good faith and fair dealing. Wray also alleges a similar pattern and practice of unfair claims adjustment by Geico and seeks punitive damages.

Geico admitted in its Answer [5] that the sole cause of the accident was the negligence of the unknown hit-and-run driver. Geico also admits that Wray is entitled to UM benefits pursuant to the terms and conditions of her Geico policy and Mississippi law. Geico, however, also stated in its Answer [5] that "the nature and severity of the damages supporting this claim are not fully known." [5] at 3. Geico's Answer [5] further provides that "Defendants admit that a settlement offer was made for less than the medical specials submitted by Plaintiff Wray due to a treatment gap and belief that Plaintiff Wray had previously suffered personal injuries." *Id.* at 4. Geico takes the position that Wray's claims "amount to a legitimate pocketbook dispute" that does not support punitive damages or liability for bad faith. *Id.* at 5. Geico alleges that Plaintiffs "failed to adequately respond to legitimate requests for information required under the terms and conditions of the GEICO insurance policy." *Id.* at 5. Geico disputes Plaintiffs' timeline of events, claiming the timeline is "incomplete and inaccurate." *Id.* at 5.

The parties propounded and responded to discovery, and the Motions [28], [29] to Compel are based upon allegedly deficient discovery responses.

## II. GEICO'S [28] MOTION TO COMPEL

Geico seeks supplemental responses to Interrogatory Nos. 3 and 6 propounded to Wray, Interrogatory No. 18 propounded to Sterdivant, and Interrogatory Nos. 7, 8, 9, and 13 propounded to both Wray and Sterdivant.

Interrogatory No. 3 propounded to Wray requests the full name, address, and telephone number of each person having "knowledge of any alleged event or fact, or possession of any documents or things, that may be relevant to this cause, or who may have any information which

may lead to relevant information." [28] at 2. Wray's initial response lists Sterdivant, her treating physicians, and "[a]s to liability and damages for the contractual and bad faith claims, any person identified by the Defendants herein." *Id.* at 2. Geico objected to Wray's answer, essentially arguing that Wray should provide the specific names of any Geico employees whom Wray believes to have knowledge relevant to Wray's bad faith claim against Geico. After Geico filed the Second Motion [28] to Compel, Wray responded to Interrogatory No. 3 by providing the names of four Geico employees. If Wray has any additional information responsive to this interrogatory, then Wray must provide this information to Geico.

In Interrogatory No. 6, Geico asks Wray to "[d]escribe all documents which you contend support or tend to support any allegation made against this Defendant, and include therein the name, address and telephone number of the present custodian of such document and/or tangible thing." *Id.* at 3. Geico moves to compel Wray to list and produce all correspondence from Geico "so as to confirm that the parties are in agreement about what written communications were sent to plaintiff Wray about the handling of her underlying underinsured motorist claim." *Id.* at 3. After Geico moved to compel, Wray indicated that the correspondence would be produced, but has yet to produce it. The Court orders Wray to provide any and all correspondence with Geico.

Plaintiff Sterdivant initially provided no response at all to Geico's Interrogatory No. 18 propounded to him, which states as follows:

> INTERROGATORY NO. 18: Please list your places of employment, employers, positions held, dates of employment with each employer, the number of hours worked each week and the salary and/or hourly wage you have earned for the last ten (10) years, including all benefits associated with said salary, including, but not limited to, insurance.

Serdivant has admitted to the oversight and, without providing any of the requested information, states that he is not claiming lost wages or lost earning capacity. Because Sterdivant is not claiming

3

lost wages or lost earning capacity, the Court orders Sterdivant to list places of employment, employers, positions held, and dates of employment with each employer for the last ten (10) years.

Interrogatory No. 7 propounded to both Wray and Sterdivant asks Plaintiffs to provide the following information regarding communications with Geico:

> INTERROGATORY NO. 7: State the date, substance and nature of any and all communications, either verbal or written, which you or your representatives had with this Defendant in this action and/or any of their agents and/or employees, and if you contend that any said communication was an admission within the meaning of Rule 801 of the Federal Rules of Evidence as to any of the allegations in your Complaint, please:
> (a) Identify the substance of such alleged admission(s);
> (b) Identify the person you assert made the alleged admission(s);
> (c) Identify the date, time and place where the alleged admission(s) was made;
> (d) Identify by full name, address and telephone number, employer and Work number each witness to the alleged admission(s); and
> (e) Describe the circumstance(s) under which you believe the alleged admission(s) was made.

Interrogatory No. 7 is overly broad because it does not specify or limit a period of time to which it applies. However, given the importance of the sequence of events in this lawsuit and the substance of communications at certain points in time, Plaintiffs are instructed to provide the information requested in Interrogatory No. 7 for all such communications occurring on or after the date of the September 2015 accident. If Plaintiffs withhold disclosure of any information as impeachment evidence, Plaintiffs must provide a privilege log for the same, keeping in mind that substantive evidence "must be produced before trial through discovery and may not be withheld no matter how it might be characterized by the opposing party." *Mason v. T.K. Stanley, Inc.*, 229 F.R.D. 533, 534 (S.D. Miss. Aug. 2, 2005).

Geico's Interrogatory Nos. 8 and 9 seek itemizations of damages claimed by the Plaintiffs as follows:

4

> INTERROGATORY NO. 8: Identify, describe, itemize and provide related calculations concerning all types, kinds and forms of monetary damages and other forms of relief which you seek to recover from this Defendant in this action, including, but not limited to, damages claimed as a result of the subject automobile accident as well as for any alleged loss associated with Plaintiffs' uninsured motorist coverage and/or alleged loss of rights and benefits for which you paid.
>
> INTERROGATORY NO. 9: Identify, describe, itemize and provide related calculations concerning all types, kinds and forms of monetary damages and other forms of relief which you seek to recover from this Defendant in this action, including, but not limited to: alleged damages claimed for the anxiety, worry, mental and emotional distress; alleged damages claimed as incidental damage and/or alleged punitive damages claimed by reason of and/or suffered by Plaintiffs due any alleged act or omission by the Defendant as asserted in your Complaint.

In response to these interrogatories, Plaintiffs have objected that medical bills have been produced and totaled and that non-economic, intangible damages are not capable of exact calculation. Plaintiffs are ordered to identify, describe, and itemize all damages. Additionally, Plaintiffs are ordered to provide calculations for economic damages but not for non-economic damages. However, Plaintiffs are cautioned that if they do not provide a numerical figure for non-economic damages during discovery, they may be precluded from arguing a specific numerical valuation for non-economic damages at trial. *Canaski v. Mid Mississippi Properties, Inc.*, Civil Action No. 1:15-cv-344-HSO-JCG, 2017 WL 4533655 at *3-*4 (S.D. Miss. Jan. 18, 2017).

Interrogatory No. 13 concerns persons from whom Plaintiffs have taken statements or spoken with in connection with this case:

> INTERROGATORY NO. 13: State the name, address and telephone number of all persons from whom either you or your attorneys have taken statements, whether oral or written, or have otherwise talked to in connection with this case.

Plaintiffs object on the grounds that "Plaintiff's counsel's decision on who or who not to obtain a statement from amounts to attorney work product"; Geico maintains that it is "entitled to know who has been spoken to and how they were contacted." [28] at 5. Work product, to the extent applicable, would cover the actual documents, not the names and identifying information of

persons spoken with or from whom Plaintiffs have obtained a statement. *Beasley v. Lang*, Civil Action No. 5:16-cv-82-DCB-MTP, 2018 WL 2072856 at *3 (S.D. Miss. May 2, 2018) ("Neither the attorney-client privilege nor the work product doctrine 'protect[s] disclosure of facts to opposing counsel.'") (citations omitted). Therefore, Plaintiffs are ordered to provide the information requested by Interrogatory No. 13.

### III. PLAINTIFFS' [29] MOTION TO COMPEL

Plaintiffs' Motion to Compel begins with Request No. 1, a request for Geico to produce its entire claim file. As part of its initial disclosures, Geico produced its claim file along with a privilege log of approximately 35 pages of withheld documents. Defendant is instructed to produce, within seven days of this order, a copy of Defendant's privilege log and the withheld pages to the Court for *in camera* inspection. The Court will then determine whether the documents should be produced.

Plaintiffs' Request No. 2 seeks the employment and job performance files of Crystal Fuentes, Dawn Martina, Trina Hartfield, and their supervisors. Request No. 4 seeks copies of lawsuits against these same individuals alleging improper claims handling. Request No. 3 seeks the same employment performance and lawsuit information for any and all other adjusters and supervisors in any way associated with the handling of Wray's claim. These requests are overly broad. Production of personnel files involves "balanc[ing] the privacy rights of [Geico's] non-party employees with [Wray's] right to relevant and needed information." *Williams v. Roy O. Martin Lumber Co. LLC*, 51 Fed. Appx. 483, 2002 WL 31319337 at *6 (5th Cir. Sept. 30, 2002). Balancing these rights, the Court orders Geico to produce the following documents from the employment files of Crystal Fuentes, Dawn Martina, Trina Hartfield, and any of their immediate supervisors who were involved in the handling of Wray's claims: performance evaluations and

any document specifically referencing Wray's claims. *Guardado v. State Farm Lloyds*, Civil Action No. 3:14-cv-2641-P(BF), 2015 WL 12724048 at *2-*3 (N.D. Tex. Dec. 21, 2015); *Hemphill v. State Farm Mut. Auto. Ins. Co.*, Civil Action No. 2:13-cv-201-KS-MTP, 2014 WL 11515566 at *3 (S.D. Miss. Apr. 3, 2014); *Henderson v. Liberty Mut. Ins. Co.*, Civil Action No. 2:11-cv-218-KS-MTP, 2012 WL 3267544 at *1-*2 (S.D. Miss. Aug. 9, 2012). The other portions of Request Nos. 3 and 4 seeking copies of lawsuits and other employment information are overly broad in their unlimited scope of time and expansive subject matter. Accordingly, Geico is not required to provide supplementation to these requests for documents, other than the production ordered above.

Request No. 6 is for production of Geico's claims manual. Geico has agreed to produce the manual, subject to the protective order entered in this case. The manual should therefore be produced on or before the compliance deadline set forth in this order.

Request No. 8 seeks information about any performance-based profit-sharing or bonus compensation available to Geico adjusters. Geico has responded that no such documentation exists. Therefore, Wray's motion to compel Geico's response to this request is denied.

In Request No. 9, Plaintiffs ask Geico to bates number all documents and indicate the timing of Geico's possession of said documents with respect to three events: (1) documents in possession as of 10/27/2016, (2) documents in possession prior to the date the Complaint was filed in this matter, and (3) documents in possession prior to the date Geico received Plaintiffs' discovery requests. Plaintiff Wray contends that this request is important because what Geico knew, and when Geico knew it, are central issues in this case. Geico is instructed to comply with the request.

Plaintiff's Request No. 10 requests "a copy of all documents and information relating to GEICO's refusal to consider the medical specials submitted due to their not being considered 'reasonable and customary.'" [30] at 13. The Court finds that Geico's objection that this request is vague and ambiguous has merit, and Plaintiff's motion to compel is denied as to this request. Further, with the exception of the documents that this Court will review *in camera*, Geico represents that it "has already produced the entire claims file which would contain responsive documentation in its possession, if any." [39] at 13.

Moving to the interrogatories, Plaintiffs' Interrogatory No. 3 asks for the identification of all persons involved in the evaluation of medical bills for coverage in light of "overlapping vehicle losses." [30] at 8. Plaintiffs' Interrogatory No. 4 asks for the identification of those involved in determining the impact of "a large gap in treatment" on the evaluation of Plaintiffs' medical bills. *Id.* at 8. Interrogatory No. 9 asks for, among other things, identification of all persons with knowledge of any discoverable matter relating to liability or damages. In response to each of these interrogatories, Geico referred Plaintiffs to its initial disclosures. The specific individuals possessing the knowledge specified by each respective interrogatory should be named in response to each interrogatory; Geico is ordered to supplement its responses accordingly.

Interrogatory No. 8 asks for information regarding other lawsuits nationwide involving certain specific allegations against Geico.

> INTERROGATORY NO. 8: Identify (including, but not limited to, party names, state, court name, case number) all other first-party lawsuits against Defendant for the three (3) year period prior to this claim, up through present, in which it has been alleged that Defendant improperly disallowed certain medical treatment or bills due to its insured presenting an unrelated property damage claim during the time period when the insured was obtaining treatment in relation to an uninsured or underinsured motorist claim.

In order to comply, Geico would have to go through suits filed against it in courts throughout the United States to discern which suits meet the specific parameters of this interrogatory. Further, given the fact-specific nature of bad faith claims, an insurer's conduct in one case does not necessarily have any bearing on its conduct in another. *Haydel v. State Farm Mut. Auto. Ins. Co.*, Civil Action No. 07-939-C-M2, 2009 WL 10679319 at \*6-\*8 (M.D. La. July 16, 2009) (discussing in detail the irrelevancy of prior lawsuits in bad faith claims). The discovery sought by this interrogatory is not proportional to the needs of this case, considering *inter alia* the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs its likely benefit. The motion to compel is denied as to Interrogatory No. 8.

## IV.　MODIFICATION OF CASE MANAGEMENT ORDER

Plaintiffs' Motion [31] to Modify the Case Management Order is granted in part and denied in part as follows: The jury trial of this matter is set for a two-week term commencing July 20, 2020, before Chief Judge Daniel P. Jordan, III. The Pretrial Conference is set for June 12, 2020, time to be determined, before Chief District Judge Daniel P. Jordan, III. The new discovery deadline is February 6, 2020, and the motion deadline is February 20, 2020. Plaintiffs' Expert Designations are due November 6, 2019, and Defendant's Expert Designations are due December 6, 2019. The ADR Report is due June 5, 2020. A settlement conference will be set by separate order.

## V.　CONCLUSION

IT IS, THEREFORE, ORDERED AND ADJUDGED that Geico's Second Motion [28] to Compel is GRANTED IN PART AND DENIED IN PART as stated herein. Plaintiffs' Motion [29] to Compel is GRANTED IN PART AND DENIED IN PART as stated herein. All parties shall supplement discovery in accordance with this order on or before October 14, 2019.

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiffs' Motion [31] to Amend/Modify Case Management Order is GRANTED IN PART AND DENIED IN PART as stated herein.

SO ORDERED AND ADJUDGED, this the 3rd day of October, 2019.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE